**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHNSON & JOHNSON and JOHNSON & JOHNSON CONSUMER COMPANIES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE AMERICAN NATIONAL RED CROSS, LEARNING CURVE INTERNATIONAL, INC., MAGLA PRODUCTS, LLC, WATER-JEL TECHNOLOGIES, INC., and FIRST AID ONLY, INC.,<br><br>Defendants. | 07 Civ. 7061 (JSR/DCF)<br><br>**DEFENDANT LEARNING CURVE INTERNATIONAL, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**<br><br>**ECF CASE**<br>**ELECTRONICALLY FILED** |

**DEFENDANT LEARNING CURVE INTERNATIONAL, INC.'S ANSWER,**
**AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant Learning Curve, International, Inc. ("Learning Curve" or "Defendant") hereby answers the First Amended Complaint ("Complaint") of Plaintiffs Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc. ("JJCC") ("J&J" or "Plaintiffs").**1/**   Except as expressly admitted herein, Defendant denies each and every allegation set forth in Plaintiffs' Complaint, and the allegations admitted by Defendant herein are only admitted to the extent expressly stated herein.

---

1/    Defendants have also filed a Motion to Dismiss seeking dismissal of the First, Second, Fourth, Seventh and Eighth Claims of Plaintiffs' First Amended Complaint.

## ANSWER

1.      Paragraph one is mere characterization of the Complaint and requires no admission or denial.   Defendant denies the remaining allegations in numbered paragraph 1.

2.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 2 and therefore denies those allegations.

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 3 and therefore denies those allegations.

4.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 4 and therefore denies those allegations.

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 6 and therefore denies those allegations.

6.      Defendant admits the allegations in numbered paragraph 6.

7.      Defendant admits that J&J is a New Jersey corporation with a place of business at One Johnson & Johnson Plaza, New Brunswick, New Jersey 08933-7001.

8.      Defendant admits that JJCC is a New Jersey corporation with a place of business at 199 Grandview Road, Skillman, New Jersey 08558.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in numbered paragraph 8 and therefore denies those allegations.

9.      Defendant admits the allegations in numbered paragraph 9.

10.      Defendant admits the allegations in numbered paragraph 10.

11.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 11 and therefore denies those allegations.

12.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations asserted in numbered paragraph 12 and therefore denies those allegations.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 13 and therefore denies those allegations.

14.     Defendant admits the allegations in numbered paragraph 14.

15.     Defendant admits the allegations in numbered paragraph 15.

16.     Defendant admits the allegations in numbered paragraph 16.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 17 and therefore denies those allegations.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 18 and therefore denies those allegations.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 19 and therefore denies those allegations.

20.     Defendant admits that the red cross symbol functions as a generic designation identifying first-aid and wound care products.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in numbered paragraph 20 and therefore denies those allegations.

21.     Defendant admits that the red cross symbol functions as a generic designation identifying first-aid and wound care products.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in numbered paragraph 21 and therefore denies those allegations.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 22 and therefore denies those allegations.

23.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 23 and therefore denies those allegations.

24.    Defendant admits that the red cross symbol functions as a generic designation identifying first-aid and wound care products.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in numbered paragraph 24 and therefore denies those allegations.

25.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 25 and therefore denies those allegations.

26.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 26 and therefore denies those allegations.

27.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 27 and therefore denies those allegations.

28.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 28 and therefore denies those allegations.

29.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 29 and therefore denies those allegations.

30.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 30 and therefore denies those allegations.

31.    Defendant denies that J&J has trademark rights in the Red Cross Emblem as a trademark for the first-aid and wound care products identified in numbered paragraph 31.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in numbered paragraph 31 and therefore denies those allegations.

4

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 32 and therefore denies those allegations.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 33 and therefore denies those allegations.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 34 and therefore denies those allegations.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 35 and therefore denies those allegations.

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 36 and therefore denies those allegations.

37.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 37 and therefore denies those allegations.

38.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 38 and therefore denies those allegations.

39.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 39 and therefore denies those allegations.

40.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 40 and therefore denies those allegations.

41.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 41 and therefore denies those allegations.

42.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 42 and therefore denies those allegations.

43.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 43 and therefore denies those allegations.

44.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 44 and therefore denies those allegations.

45.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 45 and therefore denies those allegations.

46.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 46 and therefore denies those allegations.

47.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 47 and therefore denies those allegations.

48.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 48 and therefore denies those allegations.

49.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 49 and therefore denies those allegations.

50.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 50 and therefore denies those allegations.

51.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 51 and therefore denies those allegations.

52.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 52 and therefore denies those allegations.

53.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in numbered paragraph 53 and therefore denies those allegations.

54.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 54 and therefore denies those allegations.

55.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 55 and therefore denies those allegations.

56.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 56 and therefore denies those allegations.

57.     Defendant states that the federal statutes referenced in numbered paragraph 57 speaks for themselves.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 57 and therefore denies those allegations.

58.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 58 and therefore denies those allegations.

59.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 59 and therefore denies those allegations.

60.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 60 and therefore denies those allegations.

61.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 61 and therefore denies those allegations.

62.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 62 and therefore denies those allegations.

63.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 63 and therefore denies those allegations.

64.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 64 and therefore denies those allegations.

65.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 65 and therefore denies those allegations.

66.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 66 and therefore denies those allegations.

67.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 67 and therefore denies those allegations.

68.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 68 and therefore denies those allegations.

69.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 69 and therefore denies those allegations.

70.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 70 and therefore denies those allegations.

71.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 71 and therefore denies those allegations.

72.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 72 and therefore denies those allegations.

73.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 73 and therefore denies those allegations.

74.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 74 and therefore denies those allegations.

75.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 75 and therefore denies those allegations.

76.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 76 and therefore denies those allegations.

77.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 77 and therefore denies those allegations.

78.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 78 and therefore denies those allegations.

79.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 79 and therefore denies those allegations.

80.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 80 and therefore denies those allegations.

81.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 81 and therefore denies those allegations.

82.     Defendant admits that it has entered into an agreement with the American National Red Cross ("Red Cross"), but denies or lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in numbered paragraph 82 and therefore denies those allegations.

83.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 83 and therefore denies those allegations.

84.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 84 and therefore denies those allegations.

85.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 85 and therefore denies those allegations.

86.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 86 and therefore denies those allegations.

87.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 87 and therefore denies those allegations.

88.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 88 and therefore denies those allegations.

89.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 89 and therefore denies those allegations.

90.     Defendant admits that it has entered into an agreement with the Red Cross, and admits that the Red Cross' first-aid kits are sold in retail locations, but otherwise denies the remaining allegations in numbered paragraph 90.

91.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 91 and therefore denies those allegations.

92.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 92 and therefore denies those allegations.

93.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 93 and therefore denies those allegations.

94.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 94 and therefore denies those allegations.

95.     Defendant denies or lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 95 and therefore denies those allegations.

## **FIRST CLAIM**

96.     Defendants have contemporaneously herewith filed a Motion to Dismiss the claim to

which numbered paragraph 96 relates, and accordingly Defendant need not answer the allegations set forth in numbered paragraph 96.

97.    Defendants have contemporaneously herewith filed a Motion to Dismiss the claim to which numbered paragraph 97 relates, and accordingly Defendant need not answer the allegations set forth in numbered paragraph 97.

98.    Defendants have contemporaneously herewith filed a Motion to Dismiss the claim to which numbered paragraph 98 relates, and accordingly Defendant need not answer the allegations set forth in numbered paragraph 98.

99.    Defendants have contemporaneously herewith filed a Motion to Dismiss the claim to which numbered paragraph 99 relates, and accordingly Defendant need not answer the allegations set forth in numbered paragraph 99.

100.    Defendants have contemporaneously herewith filed a Motion to Dismiss the claim to which numbered paragraph 100 relates, and accordingly Defendant need not answer the allegations set forth in numbered paragraph 100.

## THIRD CLAIM

106.    Defendant hereby incorporates its answer to the allegations of numbered paragraphs 1 through 95 above.

107.    Defendant denies or lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in numbered paragraph 107 and therefore denies those allegations.

108.    Defendant denies the allegations of numbered paragraph 108.

109.    Defendant denies the allegations of numbered paragraph 109.

## FIFTH CLAIM

118.    Defendant hereby incorporates its answer to the allegations of numbered paragraphs 1 through 95 above.

119.    Defendant denies the allegations in numbered paragraph 119.

120.    Defendant denies the allegations in numbered paragraph 120.

121.    Defendant denies the allegations in numbered paragraph 121.

122.    Defendant denies the allegations in numbered paragraph 122.

## SIXTH CLAIM

123.    Defendant hereby incorporates its answer to the allegations of numbered paragraphs 1 through 95 above.

124.    Defendant denies the allegations in numbered paragraph 124.

125.    Defendant denies the allegations in numbered paragraph 125.

126.    Defendant denies the allegations in numbered paragraph 126.

127.    Defendant denies the allegations in numbered paragraph 127.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (Failure to State a Claim)

Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE
### (Unclean Hands)

Plaintiffs' claims are barred by the equitable doctrine of unclean hands from obtaining the relief requested.

### THIRD DEFENSE
### (Statute of Limitations and/or Repose)

Plaintiffs' claims may be barred by the applicable statute of limitations and/or repose.

**FOURTH DEFENSE**
**(Laches, Estoppel and/or Waiver)**

Plaintiffs' claims are barred by the doctrines of laches, estoppel and/or waiver.

WHEREFORE, Defendant denies that Plaintiffs are entitled to any relief whatsoever, including, but not limited to, the relief set forth in Paragraphs (a) through (h) of the prayer for relief.

**FIFTH DEFENSE**
**(Functionality)**

Plaintiffs' claims are barred because its red cross symbol is functional in connection with first-aid and wound care goods.

**SIXTH DEFENSE**
**(Genericness)**

Plaintiffs' claims are barred because its red cross symbol is generic in connection with first-aid and wound care goods.

**SEVENTH DEFENSE**
**(Abandonment)**

Plaintiffs' claims are barred because it has abandoned its alleged rights in the red cross symbol in connection with one or more of the goods on which Johnson & Johnson was allegedly using the red cross symbol prior to 1905.

WHEREFORE, Defendant denies that Plaintiffs are entitled to any relief whatsoever, including, but not limited to, the relief set forth in Paragraphs (a) through (h) of the prayer for relief.

## COUNTERCLAIMS

### PARTIES

1.      Learning Curve International, Inc. is a Delaware corporation, with its principal place of business at 314 W. Superior St., Chicago, Illinois 60610 ("Learning Curve").

2.      Johnson & Johnson is New Jersey corporation with its principal place of business at One Johnson & Johnson Plaza, New Brunswick, New Jersey 08933-7001.

3.      Johnson & Johnson Consumer Companies, Inc. ("JJCC") is a New Jersey corporation with a main office at 199 Grandview Road, Skillman, New Jersey 08558, and is a subsidiary of Johnson & Johnson.   Johnson & Johnson and JJCC are collectively referred to herein as "J&J."

### JURISDICTION

4.      This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338, 28 U.S.C. §§ 2201 and 2202 and 15 U.S.C. § 1121.

5.      This Court has personal jurisdiction over J&J because it does business in this District and the products that are the subject of this action are sold in this District.   This Court also has jurisdiction over the state law claims under the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367, because the federal and state claims are based on the same operative facts, and judicial economy, convenience, and fairness to the parties will result if this Court assumes and exercises jurisdiction over the state law claims.

### VENUE

6.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because the acts complained of occurred and are occurring in the United States and in this District, and have caused damage to Learning Curve in the United States and in this District.

## STATEMENT OF FACTS

**J&J's Use of the Red Cross Symbol**

7.      Prior to 1905, Johnson & Johnson allegedly used the red cross symbol in connection with certain products, including first-aid and wound care products.   *See Protection of the Name and Emblem of the Red Cross: Hearing on H.R. 6911 Before the H. Comm. on Foreign Affairs*, 77th Congress, 2d. Sess. 429-433 (1942).   Today J&J uses the red cross symbol with first-aid and wound care products only.

8.      In addition to Johnson & Johnson, pre-1905 users of the red cross symbol included not only the American Red Cross but also the companies involved in the Red Cross Nurse disinfectant and the Red Cross toothache medication and a number of pharmacies using the red cross symbol in connection with first-aid and related goods and services.   This is not surprising, given J&J's own admission in its First Amended Complaint that the red cross symbol functioned as a generic indicator for certain first-aid and related goods and services.   *See* First Amended Complaint, ¶¶ 20-26 ("the red cross had acquired a medicinal connotation").   In fact, J&J concedes that the use of the red cross symbol as designating first-aid and related products is what prompted J&J's Mr. Seabury to appropriate the symbol for J&J's own corporate purposes.   *Id.* at ¶ 24.

9.      Today, numerous third parties use red cross symbols or similar marks to identify their first-aid and first-aid-related products.   Attached as Exhibit A are printouts depicting such uses.

10.     In view of the foregoing, the red cross symbol is unable to function as a source-identifier in connection with first-aid and wound care products.   Instead, the red cross symbol has come to have a generic or functional meaning in connection with such products.   Specifically, the red cross symbol has come to designate the first-aid nature of such products.

**J&J's Actions Have Harmed and Continue to Harm Learning Curve**

11.     J&J's institution of the instant action to enjoin the American Red Cross' use of its own

Emblem on emergency, first-aid, and health supplies as well as to enjoin Learning Curve from

partnering with the American Red Cross in the sale of such products harms Learning Curve, the

American Red Cross and the American public.

## FIRST COUNTERCLAIM
### Declaratory Judgment For Trademark Invalidity Pursuant To 28 U.S.C. § 2201

12.     Learning Curve hereby realleges and incorporates by reference as fully set forth herein

the allegations set forth in Paragraphs 1 through 11 above.

13.     Pursuant to J&J's filing of the First Amended Complaint, an actual controversy exists

between the parties.

14.     J&J alleges ownership in the following United States trademark registrations:    Nos.

54,308; 1,888,143; 1,889,576; 2,515,970; and 3,178,913 and common law rights thereof ("J&J

Red Cross Symbol Marks").

15.     Each of the J&J Red Cross Symbol Marks is comprised of or includes a red cross symbol

and is used in connection with first-aid and wound care products.

16.     The J&J Red Cross Symbol Marks are invalid, and J&J has no exclusive right to use the

symbol of a red cross as a trademark in connection with first-aid and wound care goods, because

the red cross symbol is generic in connection with the first-aid and wound care goods with which

the J&J Red Cross Symbol Marks are used.    As set forth above, the red cross symbol has been

and is a commonly-used symbol in the first-aid field and has come to designate that goods and/or

services offered in connection with the symbol are of a first-aid nature.    Such a generic,

commonly-used symbol cannot function as a trademark in connection with goods and/or services

in the first-aid field because the symbol lacks the ability to serve as a source-identifier to consumers.

17.    J&J's Red Cross Symbol Marks are also invalid because the red cross symbol is functional with respect to goods and/or services in the first-aid field.    Consumers associate the red cross symbol with goods and/or services which are of a first-aid nature, as illustrated by the myriad number of marks in the first-aid and related fields featuring the red cross symbol.    Thus, J&J's Red Cross Symbol Marks are functional and thus invalid as trademarks.

18.    J&J's claim of exclusive rights to use the red cross symbol in connection with goods and/or services in the first-aid field threatens to monopolize the important generic message of the red cross symbol as used in these fields and puts Learning Curve and others at a significant non-reputation-related disadvantage.

19.    In view of the foregoing, Learning Curve is entitled to a judicial declaration that the J&J Red Cross Symbol Marks are invalid because the red cross symbol is generic and/or functional when used in connection with first-aid and wound care goods, and thus, that although J&J is not prohibited from using the red cross symbol itself on first-aid and wound care goods, J&J has no exclusive right to use the J&J Red Cross Symbol Marks in commerce on first-aid and wound care goods.

## SECOND COUNTERCLAIM
### Cancellation Of Trademarks Under 15 U.S.C. § 1119 and 15 U.S.C. 1064(3)

20.    Learning Curve hereby realleges and incorporates by reference as fully set forth herein the allegations set forth in Paragraphs 1 through 11 above.

21.    J&J owns the following United States trademark registrations:    U.S. Registration Nos. 54,308; 1,888,143; 1,889,576; 2,515,970; and 3,178,913 ("J&J Red Cross Symbol Registrations").

22.    Each of the J&J Red Cross Symbol Registrations is comprised of or includes a red cross symbol and covers first-aid and related goods.

23.    Learning Curve brings this claim under 15 U.S.C. § 1119 and 15 U.S.C. § 1064(c), seeking that the Court issue an order canceling the federal trademark registrations for U.S. Registration Nos. 54,308; 1,888,143; 1,889,576; 2,515,970; and 3,178,913, on the grounds that such trademarks are generic and/or functional.

24.    J&J's Red Cross Symbol Registrations all contain a red cross symbol which is a generic, commonly-used symbol in the first-aid field and has come to designate that goods and/or services offered in connection with the symbol are of a first-aid nature.    Such a generic, commonly-used symbol cannot function as a trademark because it lacks the ability to serve as a source-identifier to consumers.

25.    J&J's Red Cross Symbol Registrations are also functional with respect to goods and/or services in the first-aid field.    The general public views the red cross symbol as a functional symbol generally identifying goods and/or services of a first-aid nature, as illustrated by the myriad number of marks in the first-aid and related fields featuring the red cross symbol.    J&J's Red Cross Symbol Marks are functional and thus not valid trademarks.    Granting J&J exclusive rights to use the red cross symbol in connection with goods and/or services in the first-aid field would put competitors at a significant non-reputation-related disadvantage as they cannot identify their goods and/or services with the commonly recognized red cross designation for such goods and/or services.

26.    Learning Curve has a real interest in this cancellation proceeding because there is an actual controversy in which J&J has disputed the American Red Cross' rights to partner with Learning Curve and use the American Red Cross' Emblem on certain first-aid related goods in

view of J&J's alleged rights in the J&J Red Cross Symbol Registrations.    Learning Curve also

has a real interest because J&J has alleged that Learning Curve's actions dilute J&J's rights in

the J&J Red Cross Symbol Registrations.

27.    Given the existing controversy, Learning Curve will be damaged in the absence of such

cancellations.

## JURY DEMAND

Learning Curve demands a jury trial on all issues so triable.

**WHEREFORE**, Learning Curve prays for the following relief:

(a)    That the Court enter judgment for Learning Curve on all of the counterclaims set

forth herein;

(b)    That the Court enter a judgment declaring that: (1) the red cross symbol is generic

and functional as it relates to first-aid and wound care goods and (2)

J&J's trademarks containing the red cross symbol are invalid;

(c)    That the Court enter an order canceling federal trademark registration Nos. 54,308;

1,888,143; 1,889,576; 2,515,970; and 3,178,913, and that the Director of the U.S.

Patent & Trademark Office be provided with a certified order of the same; and

(d)    Any other relief the Court deems fair and just.

Dated:  September 20, 2007                  Respectfully submitted,

                                            HOGAN & HARTSON, L.L.P.

                                            By: s/ Jonathan L. Abram
                                            Jonathan L. Abram (admitted pro hac vice)
                                            Raymond A. Kurz (admitted pro hac vice)
                                            555 Thirteenth Street, N.W.
                                            Washington, D.C. 20004
                                            Tel:   (202) 637-5681
                                            Fax: (202) 637-5910

                                            Counsel for Defendant

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that on the 20th day of

September, 2007, I caused a true and correct copy of the foregoing to be served upon the

following via the Court's ECF Notification System:

> Gregory L. Diskant
> Sarah Elizabeth Zgliniec
> Patterson, Belknap, Webb & Tyler LLP
> 1133 Avenue of the Americas
> New York, NY 10036
> (212) 336-2710
> Fax: (212) 336-2222
> Email: gldiskant@pbwt.com
> Email: sezgliniec@pbwt.com
>
> Richard Zachary Lehv
> Roger L. Zissu
> Fross Zelnick Lehrman & Zissu, P.C.
> 866 United Nations Plaza
> New York, NY 10004
> (212) 813-5900
> Fax: (212)-813-5901
> Email: rlehv@frosszelnick.com
> Email: rzissu@frosszelnick.com

                                    s/ Jonathan L. Abram
                                    Jonathan L. Abram