Roger L. Zissu (RZ 0973)
Richard Z. Lehv (RL 6097)
FROSS ZELNICK LEHRMAN
  & ZISSU, P.C.
866 United Nations Plaza
New York, NY 10017
Tel: (212) 813-5900

Gregory L. Diskant
Rachael Kuilema Klein
Ravi Sitwala
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036
Tel: 212-336-2000
Fax: 212-336-2222

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHNSON & JOHNSON and JOHNSON & JOHNSON CONSUMER COMPANIES, INC., <br><br> Plaintiffs <br><br> -against- <br><br> THE AMERICAN NATIONAL RED CROSS, LEARNING CURVE INTERNATIONAL, INC., MAGLA PRODUCTS, LLC, WATER-JEL TECHNOLOGIES, INC., and FIRST AID ONLY, INC., <br><br> Defendants. | Civil Action No. 07-CV-07061 (JSR) <br><br> **PLAINTIFFS' REPLY TO COUNTERCLAIMS OF DEFENDANT THE AMERICAN NATIONAL RED CROSS** |

{F0112217.4 }

Plaintiffs Johnson & Johnson ("J&J") and Johnson & Johnson Consumer Companies ("JJCC" or collectively "Plaintiffs"), by their attorneys Fross Zelnick Lehrman & Zissu, P.C. and Patterson Belknap Webb & Tyler LLP, reply to the counterclaims ( the "Counterclaims") of Defendant The American National Red Cross ("ARC") included with its Answer, Affirmative Defenses and Counterclaims as follows:

### RESPONSE TO PARTIES

1. Plaintiffs admit the allegations in paragraph 1 of the Counterclaims.

2. Plaintiffs admit the allegations in paragraph 2 of the Counterclaims.

3. Plaintiffs admit the allegations of paragraph 3 of the Counterclaims.

### RESPONSE TO JURISDICTION

4. Plaintiffs admit the allegations in paragraph 4 of the Counterclaims.

5. Plaintiffs do not contest this Court's personal jurisdiction over J&J. Plaintiffs admit personal jurisdiction over JJCC  All other allegations in paragraph 5 are denied.

### RESPONSE TO VENUE

6. Plaintiffs admit the allegations in paragraph 6 of the Counterclaims.

### RESPONSE TO STATEMENT OF FACTS

7. Plaintiffs admit the second sentence of paragraph 1, the first sentence of paragraph 4, that the Red Cross is engaging in unfair competition (paragraph 7), that Plaintiffs are entitled to grandfather status and that their continued use is not a violation of the criminal law (paragraph 9) of the Introductory Statement. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 1, paragraph 2, paragraph 3, the second and third sentences of paragraph 4, paragraph 5, and paragraph 6 except to deny the last clause. Plaintiffs deny the remaining allegations in the Introductory Statement and respectfully refer the Court to the

section of the Plaintiffs' First Amended Complaint entitled "Facts Common to All Claims For Relief."[1]

8. Plaintiffs deny the allegations of paragraph 8 of the Counterclaims, and refer the Court to the documents cited therein for the text thereof.

9. Plaintiffs admit that Plaintiffs market cotton, first aid kits and a other first aid and wound care products with the red cross symbol. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of the Counterclaim.

10. Plaintiffs admit the allegations in the first sentence of paragraph 10 of the counterclaims, and refer the Court to the hearings cited in the second sentence of paragraph 10 for the text thereof, and aver that they are without knowledge or information sufficient to form a belief as to the truth of the allegations on the third sentence of paragraph 10 of the Counterclaims.

11. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the offering of first aid kits by ARC in the first sentence of paragraph 11 of the Counterclaims, and admit the allegations in the sentence concerning J&J first aid kits. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 11 of the Counterclaims concerning ARC's use, except to admit that the red cross symbol is always accompanied by a disclaimer.

---

[1] Plaintiffs have not responded to pages 5-22 of Defendant's Answer as they understand those allegations are not part of the counterclaims. Plaintiffs lack of response is not an admission of any of the allegations made in those pages.

12. Plaintiffs admit they brought the instant action to enjoin Red Cross from using the red cross symbol commercially in competition with Plaintiffs. Plaintiffs deny the remaining allegations of paragraph 12 of the Counterclaims.

13. Plaintiffs deny the allegations of paragraph 13 of the Counterclaims.

14. Plaintiffs deny the allegations of paragraph 14 of the Counterclaims.

15. Plaintiffs deny the allegations of paragraph 15 of the Counterclaims.

16. Plaintiffs deny the allegations of paragraph 16 of the Counterclaims, except admit that J&J has obtained Trademark Registration No. 3,178,913 and refer the Court to that registration for the content thererof.

17. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 17 of the Counterclaims. Plaintiffs deny the allegations in the remainder of that paragraph.

18. Plaintiffs admit they brought the instant action to enjoin Red Cross from using the red cross symbol commercially in competition with Plaintiffs. Plaintiffs deny the remaining allegations of paragraph 18 of the Counterclaims.

19. Plaintiffs deny the allegations in the first and third sentences of paragraph 19 of the Counterclaims. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 19 of the Counterclaims.

## RESPONSE TO FIRST COUNTERCLAIM
**Declaratory Judgment of Violation of 18 U.S.C. § 706 Pursuant to 28 U.S.C.§ 2201**

20. Plaintiffs hereby repeat and reallege their answers to paragraphs 1 through 19 of the Counterclaims above as if fully set forth herein.

21. Plaintiffs admit the allegations of paragraph 21 of the Counterclaims.

{F0112217.4}    4

22. Plaintiffs admit the allegations of paragraph 22 of the Counterclaims.

23. Plaintiffs deny the allegations of paragraph 23 of the Counterclaims.

24. Plaintiffs deny the allegations of paragraph 24 of the Counterclaims.

25. Plaintiffs deny the allegations of paragraph 25 of the Counterclaims.

26. Plaintiffs deny the allegations of paragraph 26 of the Counterclaims.

27. Plaintiffs admit that Plaintiffs currently use the red cross symbol on magnets and first aid kits. Plaintiffs deny the remaining allegations of paragraph 27 of the Counterclaims.

28. Plaintiffs admit the allegations of paragraph 28 of the Counterclaims, except to deny that Plaintiffs have used the red cross symbol on light sticks.

29. Plaintiffs deny the allegations of paragraph 29 of the Counterclaims.

30. Plaintiffs deny the allegations of paragraph 30 of the Counterclaims.

31. Plaintiffs deny the allegations of paragraph 31 of the Counterclaims.

### RESPONSE TO SECOND COUNTERCLAIM
**Cancellation of Trademark Under 15 U.S.C.§ 1119 and 15 U.S.C.1064(3)**

32. Plaintiffs hereby repeat and reallege their answers to paragraphs 1 through 31 of the Counterclaims above as if fully set forth herein.

33. Plaintiffs admit that ARC brings a claim for cancellation in paragraph 33 of the Counterclaims, but deny that ARC is entitled to any such relief.

34. Plaintiffs deny the allegations of paragraph 34 of the Counterclaims.

35. Plaintiffs admit there is an actual controversy, but deny the remaining allegations of paragraph 35 of the Counterclaims.

36. Plaintiffs deny the allegations of paragraph 36 of the Counterclaims.

## RESPONSE TO THIRD COUNTERCLAIM
### Unfair Competition

37. Plaintiffs hereby repeat and reallege their answers to paragraphs 1 through 36 of the Counterclaims above as if fully set forth herein.

38. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 38 of the Counterclaims, and deny the remainder of the allegations in that paragraph.

39. Plaintiffs deny the allegations of paragraph 39 of the Counterclaims.

40. Plaintiffs deny the allegations of paragraph 40 of the Counterclaims.

41. Plaintiffs deny the allegations of paragraph 41 of the Counterclaims.

42. Plaintiffs deny the allegations of paragraph 42 of the Counterclaims.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

43. The counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

44. ARC's counterclaims are barred by the doctrine of unclean hands.

### Third Affirmative Defense

45. Defendant ARC's claims are barred by the doctrines of acquiescence and equitable estoppel.

### Fourth Affirmative Defense

46. Defendant ARC's claims are barred by the doctrine of estoppel.

### Fifth Affirmative Defense

47. Defendant ARC's claims are barred by the doctrine of laches.

### Sixth Affirmative Defense

48. Defendant ARC has failed to mitigate their damages, if any.

**Seventh Affirmative Defense**

49. The Counterclaims are barred by one or more applicable statutes of limitations.

WHEREFORE, Plaintiffs deny that Defendant ARC is entitled to any injunctive, equitable, or other relief whatsoever, deny that Defendant ARC is entitled to any judgment or monetary judgment from Plaintiffs in any amount whatsoever, and request judgment dismissing the counterclaims in their entirety, together with Plaintiffs' attorneys' fees and such other and further relief as the Court deems just and proper.

Dated: New York, NY

October 10, 2007

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: _____
Roger L. Zissu (RZ 0973)
Richard Z. Lehv (RL 6097)
866 United Nations Plaza
New York, NY 10017
Tel. (212) 813-5900
Fax (212) 813-5901

PATTERSON BELKNAP WEBB & TYLER LLP

Gregory L. Diskant
Rachael Kuilema Klein
Ravi Sitwala
1133 Avenue of the Americas
New York, New York 10036
Tel: 212-336-2000
Fax: 212-336-2222

*Attorneys for Plaintiffs*