Rakoff, S.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHNSON & JOHNSON and JOHNSON & JOHNSON CONSUMER COMPANIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE AMERICAN NATIONAL RED CROSS, LEARNING CURVE INTERNATIONAL, INC., MAGLA PRODUCTS, LLC, WATER-JEL TECHNOLOGIES, INC., and FIRST AID ONLY, INC., <br><br> Defendants. | Case No. 07-CV-07061 (JSR) <br><br> USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC #: _____ <br> DATE FILED: 11-06-07 |

## PROTECTIVE ORDER

JED S. RAKOFF, U.S.D.J.

All the parties to this action having requested that the Court issue a protective order pursuant to Fed. R. Civ. P. 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that may need to be disclosed to adversary parties in connection with discovery in this case, and the parties having agreed to the following terms, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pretrial phase of this action, it is therefore hereby ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon pain of contempt:

1403861v.3

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action and copies, reproductions, excerpts, summaries or descriptions thereof) that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order shall not disclose such Confidential or Highly Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

   (a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

   (b) previously nondisclosed material relating to ownership or control of any non-public company;

   (c) previously nondisclosed business plans, product development information, or marketing plans;

   (d) any information of a personal or intimate nature regarding any individual; or

   (e) any other category of information hereinafter given confidential status by the Court.

3. The person producing any given Discovery Material meeting the requirements of Paragraph 2 may designate as "Highly Confidential" only such portion of such material that, if disclosed beyond counsel, would cause the producing party significant and demonstrable competitive harm that outweighs the need for maximum party access to discovery material, such as trade secret information, particularly sensitive financial information or market forecasts, existing and future marketing plans, and other non-public business plans. It is the

2

expectation of the parties that very few Discovery Materials will warrant designation for counsel-only treatment.

4.	With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audability, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential or Highly Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

5.	If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential or Highly Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential or Highly Confidential under the terms of this Order.

6.	No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a)	the parties to this action;

(b)	outside counsel retained specifically for this action, including any paralegal, clerical and other assistant or litigation service contractor employed by such counsel and assigned to this matter;

1403861v.3

    (c)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    (d)    any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (e)    any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, and his or her or staff, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (f)    stenographers engaged to transcribe depositions conducted in this action; and

    (g)    the Court and its support personnel.

7.    Highly Confidential Information may be disclosed to any persons falling within categories (b), (c), (d), (e), (f), and (g) of paragraph 6 above, but not to any persons falling within category (a) of paragraph 6 above.

8.    Notwithstanding the provisions in paragraphs 6 and 7 above, Confidential Information and Highly Confidential Information may be disclosed, at deposition or otherwise, to any employee of the party or non-party producing such information.

9.    Prior to any disclosure of any Confidential or Highly Confidential Discovery Material to any person referred to in subparagraph 6(d) or expert witness or person providing specialized advice to counsel referred to in subparagraph 6(e), such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person

4

1403861v.3

being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10. All Confidential or Highly Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential or Highly Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing.

11. Any party who objects to any designation of Confidential or Highly Confidential, may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. Plaintiffs and Defendants The American National Red Cross, Learning Curve International, Inc., Magla Products, LLC and First Aid Only, Inc. will respond to any such objection within 24 hours. Water-Jel Technologies, Inc. will have 48 hours to respond. If agreement cannot be reached, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling. While this dispute is being addressed, the producing party shall provide the document at issue in redacted form so that the parties can continue in the prosecution/defense of the case.

12. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential. The Court also retains discretion whether to afford confidential treatment to any Confidential or Highly Confidential Document or information contained in any Confidential or

Highly Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

13. All persons obtaining access to Discovery Material produced in connection with this action shall use such Discovery Material only for the purpose of this litigation and not for any other purpose. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material, or information obtained by such party or witness independently of the discovery proceedings in this action, whether or not such documents, material, or information are also obtained through discovery proceedings in this action.

14. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

15. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed, except that outside counsel for each party may maintain in its files one copy of each pleading filed with the Court, each deposition transcript together with the exhibits marked at the deposition, and documents constituting work product which were internally generated based upon or which include Confidential or Highly Confidential Information. In the event that outside counsel maintains such documents, it shall not disclose material containing any type of Confidential or Highly Confidential Information to another party absent subpoena, court order or permission of the producing party.

16. If Confidential Information or Highly Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the producing party or non-party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the designated material and prevent the occurrence of any further disclosure unauthorized by this Order.

17. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
November 5, 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHNSON & JOHNSON and JOHNSON & JOHNSON CONSUMER COMPANIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> THE AMERICAN NATIONAL RED CROSS, LEARNING CURVE INTERNATIONAL, INC., MAGLA PRODUCTS, LLC, WATER-JEL TECHNOLOGIES, INC., and FIRST AID ONLY, INC., <br><br> Defendants. | Case No. 07-CV-07061 (JSR) |

### Non-Disclosure Agreement

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential. I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than my staff and other than for purposes of this litigation and as permitted under the Protective Order and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. I will instruct my staff not to disclose such confidential information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern

8

1403861v.3

District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____