Jonathan L. Abram
Raymond A. Kurz
HOGAN & HARTSON L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Tel: (202) 637-5681
Fax: (202) 637-5910

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHNSON & JOHNSON and JOHNSON & JOHNSON CONSUMER COMPANIES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE AMERICAN RED CROSS, LEARNING CURVE INTERNATIONAL, INC., MAGLA PRODUCTS, LLC, WATER-JEL TECHNOLOGIES, INC., and FIRST AID ONLY, INC.,<br><br>Defendants. | 07 Civ. 7061 (JSR/DCF)<br><br>**ECF CASE**<br>**ELECTRONICALLY FILED** |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION TO STRIKE EXPERT REPORT OF KENNETH B. GERMAIN**

## **TABLE OF AUTHORITIES**

**Page**

**CASES**

American Home Assurance Co. v. Merck & Co.,
  462 F. Supp. 2d 435, 438 (S.D.N.Y. 2006) ......................................................................... 4, 5

CMI-Trading, Inc. v. Quantum Air, Inc., 98 F.3d 887, 890 (6th Cir. 1996) ................................. 4

Fidelity Nat'l Title Ins. Co. v. Intercounty Nat'l Title,
  No. 00C5658, 2001 WL 789218, at *1 (N.D. Ill. July 12, 2001) ............................................. 5

Freeland v. AT & T Corp., 238 F.R.D. 130, 145 (S.D.N.Y. 2006) ................................................ 1

Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141-42 (1999) ..................................................... 5

Marx & Co. v. Diners' Club, Inc., 550 F.2d 505, 512 (2d Cir.),
  cert. denied, 434 U.S. 861 (1977) ............................................................................................ 3

Maurillo v. Park Slope U-Haul, 606 N.Y.S.2d 243, 246 (App. Div. 1993) .................................. 2

Miriam Osborn Mem. Home Ass'n v. Assessor of City of Rye,
  801 N.Y.S.2d 235, 2005 WL 756588, at *2 (Sup. Ct. 2005) ................................................... 5

Music Sales Corp. v. Morris, 73 F. Supp. 2d 364, 381 (S.D.N.Y. 1999) .................................. 3, 6

Pinal Creek Group v. Newmont Mining Corp.,
  352 F. Supp. 2d 1037, 1047 (D. Ariz. 2005) ........................................................................... 5

United States v. Articles of Banned Hazardous Substances,
  34 F.3d 91, 96 (2d Cir. 1994) ................................................................................................... 2

United States v. Scop, 846 F.2d 135, 139, 140 (2d Cir. 1988) ................................................. 2, 3

**OTHER AUTHORITIES**

Fed. R. Evid. 702 ....................................................................................................................... 1, 5

Fed. R. Evid. 704 .......................................................................................................................... 2

Restatement (Third) of Agency ..................................................................................................... 2

Fed. R. Evid. 104(a) ...................................................................................................................... 1

Pursuant to the Federal Rules of Evidence, defendants have moved to strike the expert report of Kenneth B. Germain and exclude his testimony because the opinion it offers—that as a matter of the common law of agency, the ARC's Corporate Brand License Agreements did not create agency relationships—is a legal issue for the Court.[1] The legal interpretation and effect of the license agreements at issue in this case is for the Court to decide, not for a lawyer to opine about.

## BACKGROUND

Mr. Germain is a lawyer. He is Of Counsel to a law firm and he teaches a law school class. See Germain Report ¶ 1(a). J&J asked Attorney Germain to answer the question whether the ARC's Corporate Brand License Agreements, as initially entered into and as amended, "created agency relationships" between the ARC and the other parties those agreements. Id. ¶ 5. Purporting to apply the "common law" definition of agency, id. ¶ 5 n.1, he opines that those agreements did not create such agency relationships. See id. ¶ 6.

## STANDARDS OF REVIEW

"The burden of proving the admissibility of expert evidence, as with all evidence, rests with its proponent." Freeland v. AT & T Corp., 238 F.R.D. 130, 145 (S.D.N.Y. 2006) (citing Bourjaily v. United States, 483 U.S. 171, 175-176 (1987)). See also Advisory Committee Notes to 2000 Amendments to Fed. R. Evid. 702 ("[T]he admissibility of all expert testimony is governed by the principles of Rule 104(a). Under that Rule, the proponent has the burden of

---

[1] It is also irrelevant, because as defendants show in the summary judgment briefing (and as the Department of Justice has recognized), criminal liability for using the Emblem turns on a person's authorization to do so without regard for common law principles of agency, and there is no dispute in this case that ARC's marketing partners were authorized by ARC and designated as its "authorized agents" for purpose of using the Emblem in exactly the way J&J challenges, on approved first aid and health and safety products.

establishing that the pertinent admissibility requirements are met by a preponderance of the evidence.").

## ARGUMENT

Attorney Germain offers his opinion that the ARC's Corporate Brand License Agreements did not create an agency relationship between ARC and its partners in all respects of their agreed activities. That is a legal opinion, an opinion on a question of law. The relationship between principal and agent is a legal relationship, one defined by law and that carries legal consequences. See Restatement (Third) of Agency, Introduction (2006); Maurillo v. Park Slope U-Haul, 606 N.Y.S.2d 243, 246 (App. Div. 1993) ("Agency is a legal relationship between a principal and an agent."). Indeed, Attorney Germain acknowledges this, expressly stating in his report that he applied the "common law" definition of agency in rendering his opinion. Germain Report ¶ 5 n.1.

Because J&J purports to offer Attorney Germain to give expert testimony on a legal question, it is inadmissible and should be stricken. "It is a well-established rule in this Circuit that experts are not permitted to present testimony in the form of legal conclusions." United States v. Articles of Banned Hazardous Substances, 34 F.3d 91, 96 (2d Cir. 1994). Accord United States v. Scop, 846 F.2d 135, 139 (2d Cir. 1988) (holding that the admission of expert's "statements embodying legal conclusions exceeded the permissible scope of opinion testimony under the Federal Rules of Evidence. . . . Rule 704 was not intended to allow experts to offer opinions embodying legal conclusions."). Under this Circuit's longstanding rule, litigants "cannot rely upon the opinion of their expert as a legal fact." Articles of Banned Hazardous Substances, 34 F.3d at 96.

That rule is applied with particular force with respect to proffers of expert testimony on matters of domestic law.  E.g., Music Sales Corp. v. Morris, 73 F. Supp. 2d 364, 381 (S.D.N.Y. 1999) ("This Court has repeatedly held that the testimony of an expert on matters of domestic law is inadmissible for any purpose.") (striking affidavit of law professor opining on the proper interpretation of the 1976 Copyright Act).

Attorney Germain's opinions on whether the Corporate Brand License Agreements create agency relationships are "legal conclusions" and as such go "well beyond his province as an expert." Scop, 846 F.2d at 140.  Further, such opinions are within the realm of domestic law which are inadmissible for any purpose.  Morris, 73 F. Supp. at 381,  The authority to answer such questions lies exclusively in the domain of this Court.

Attorney Germain is doubtless a highly qualified lawyer.  But J&J may not offer his testimony about the legal effect of the Corporate Brand License Agreements or whether or to what extent they create agency relationships.  The rule against expert testimony on legal issues unquestionably applies to expert testimony concerning the legal effect of contract terms.  As the Second Circuit has explained:  "The basis of expert capacity, according to Wigmore (§ 555), may 'be summed up in the term "experience." '  But experience is hardly a qualification for construing a document for its legal effect when there is a knowledgeable gentleman in a black robe whose exclusive province is to [determine] the law."  Marx & Co. v. Diners' Club, Inc., 550 F.2d 505, 512 (2d Cir.), cert. denied, 434 U.S. 861 (1977).  In the instant case, too, we are confident the Court is fully capable of determining the legal effect of the Corporate Brand License Agreements.

In Diners' Club, the Second Circuit held that the trial court had erred by allowing the testimony of Stanley Friedman, a lawyer and securities law expert.  "His testimony construed the

contract" at issue, gave "his opinion as to the legal obligations of the parties under the contract," and offered "legal opinions as to the meaning of the contract terms at issue." 505 F.2d at 508, 509. This was error, the Second Circuit held, for "[t]he question of interpretation of the contract is for the jury <u>and the question of legal effect is for the judge</u>. In neither case do we permit expert testimony." <u>Id</u>. at 510 (quotation marks omitted) (emphasis added). So too here, the question of the legal effect of the Corporate Brand License Agreements is for this Court to decide, not Attorney Germain. <u>See</u> also, <u>e.g.</u>, <u>American Home Assurance Co. v. Merck & Co.</u>, 462 F. Supp. 2d 435, 448 (S.D.N.Y. 2006) (precluding testimony of insurance expert as to meaning of certain clauses in an insurance policy) ("In discussing these clauses, Jervis's report clearly impinges upon the province of the Court, in so far as he essentially proffers his own version of contractual interpretation.").

Like the Second Circuit, the Sixth has also considered proposed expert testimony similar to Attorney Germain's and held that experts may not opine on the nature of the legal relationship created by a contract. In <u>CMI-Trading, Inc. v. Quantum Air, Inc.</u>, 98 F.3d 887 (6th Cir. 1996), the Sixth Circuit held that the trial court properly excluded the expert testimony of one William Bigelow. The Sixth Circuit explained:

> Bigelow's opinion concerning whether the parties created a loan relationship rather than a "joint venture" was likewise inadmissible. The legal concepts of "loan" and "joint venture" are issues of law and are within the <u>sole</u> competence of the court; "experts" may not testify as to the legal effect of a contract. Thus, Bigelow's proposed testimony was properly excluded.

<u>Id</u>. at 890 (emphasis in original). Similarly, Attorney Germain may not give an opinion concerning whether the Corporate Brand License Agreements created agency relationships. "Principal" and "agent" are legal concepts within this sole competence of this Court.

- 4 -

It is no answer to say that Attorney Germain is opining, not on what the law is, but on how the law applies to a given set of facts.  See American Home Assurance Co., 462 F. Supp. 2d at 448 (experts may not usurp the court's role of determining "the applicable law" or the trier of fact's role "in applying that law to the facts before it") (quotation marks omitted); Miriam Osborn Mem. Home Ass'n v. Assessor of City of Rye, 801 N.Y.S.2d 235, 2005 WL 756588, at *2 (Sup. Ct. 2005) (law professor's expert report was not admissible even though the proponent of his testimony claimed he would testify "not on an issue of pure law, but rather, on the application of the law to the facts which he himself perceived and analyzed.") (emphasis in original) (following Second Circuit case law); Pinal Creek Group v. Newmont Mining Corp., 352 F. Supp. 2d 1037, 1047 (D. Ariz. 2005) (holding that "Plaintiffs are precluding from offering either the expert report or testimony of Jeffrey Haas and Einer Elhauge regarding the law which governs this case . . . or anti-trust law and the application of such law to the facts of this case.").  An expert's opinion on how the law applies to the facts is itself a legal opinion.

The Supreme Court has established a framework requiring district courts to be "gatekeepers" in determining whether proffered expert testimony meets the standard established by Rule 702.  See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141-42 (1999).  Where as here, the legal opinion of Attorney Germain is clearly inadmissible, his expert report should be stricken in advance of trial.  Fidelity Nat'l Title Ins. Co. v. Intercounty Nat'l Title, No. 00C5658, 2001 WL 789218, at *1 (N.D. Ill. July 12, 2001) ("There is no blanket rule prohibiting the exclusion of expert testimony or reports prior to trial.").  If the exert report of Attorney Germain is not stricken, defendants will be forced to submit a rebuttal expert report and this Court will

merely delay ruling on an issue that is ripe for decision now, resulting in judicial inefficiency and a waste of resources by all the parties involved.[2]

Accordingly, the legal opinion offered by Attorney Germain should be ruled inadmissible, and his expert report should be stricken in toto.  See Music Sales Corp., 73 F. Supp. 2d at 381 (striking expert's affidavit which "almost wholly expresses legal conclusions" in its entirety even though affidavit contained "some brief historical background" that was unobjectionable).

## CONCLUSION

For the foregoing reasons, the ARC's motion to strike the expert report of Kenneth Germain should be granted.[3]

Dated:  December 3, 2007

Respectfully submitted,

HOGAN & HARTSON, L.L.P.

By:          s/Jonathan L. Abram
Jonathan L. Abram (admitted pro hac vice)
Raymond A. Kurz (admitted pro hac vice)
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Tel:  (202) 637-5681
Fax:  (202) 637-5910

Attorneys for Defendants

---

[2] If Attorney Germain's expert report is not stricken, not only will defendants be required to submit a rebuttal report, but both parties will expend unnecessary resources in deposing both of their respective experts.

[3] In the event any portion of Attorney Germain's proffered testimony is permitted, defendants request leave to serve a rebuttal expert report within ten days of the date this Court so rules.

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that on the 3rd day of December, 2007, I caused a true and correct copy of the foregoing to be served upon the following via the Court's ECF Notification System:

>Gregory L. Diskant
>Sarah Elizabeth Zgliniec
>Patterson, Belknap, Webb & Tyler LLP
>1133 Avenue of the Americas
>New York, NY 10036
>(212) 336-2710
>Fax: (212) 336-2222
>Email: gldiskant@pbwt.com
>Email: sezgliniec@pbwt.com
>
>Richard Zachary Lehv
>Roger L. Zissu
>Fross Zelnick Lehrman & Zissu, P.C.
>866 United Nations Plaza
>New York, NY 10004
>(212) 813-5900
>Fax: (212)-813-5901
>Email: rlehv@frosszelnick.com
>Email: rzissu@frosszelnick.com

>>     s/ Jonathan L. Abram     
>>          Jonathan L. Abram